**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

------

No. 03-10594

------

LAKENYA S DRAKE

                    Plaintiff - Appellant

v.

CITY OF HALTOM CITY; ET AL

                    Defendants

CITY OF HALTOM CITY

                    Defendant - Appellee

------

No. 03-10595

------

JANE DOE 2

                    Plaintiff - Appellant

v.

CITY OF HALTOM CITY; ET AL

                    Defendants

CITY OF HALTOM CITY

                    Defendant - Appellee

1

---

No. 03-10598

---

ATARA MARIE HUBBARD

                              Plaintiff - Appellant

v.

CITY OF HALTOM CITY; ET AL

                              Defendants

CITY OF HALTOM CITY

                              Defendant - Appellee

---

No. 03-10632

---

PATRICIA LYNN SANDERS

                              Plaintiff - Appellant

v.

CITY OF HALTOM CITY, ET AL

                              Defendants

CITY OF HALTOM CITY

                              Defendant - Appellee

---

No. 03-10636

---

JANE DOE #7

                              Plaintiff - Appellant

2

v.

CITY OF HALTOM CITY, ET AL

                           Defendants

CITY OF HALTOM CITY

                           Defendant - Appellee

_____

            Appeals from the United States District Court
                for the Northern District of Texas
                       No. 4:02-CV-0733-A
                       No. 4:02-CV-0767-A
                       No. 4:02-CV-0768-A
                       No. 4:02-CV-0769-A
                       No. 4:02-CV-0899-A

_____

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

     LaKenya Drake, Jane Doe No. 2, Atara Hubbard, Patricia
Sanders, and Jane Doe No. 7 (collectively, "Appellants") appeal
the district court's orders dismissing their 42 U.S.C. § 1983
claims against the City of Haltom City and the district court's
orders denying their motions for leave to file amended
complaints.  Their existing complaints allege that the City's
failure to institute adequate training and/or supervision of its
jailers caused one of the jailers to sexually assault them while

_____

     [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

                              3

they were in the City jail.[1]

We review de novo dismissals under Rule 12(b)(6). Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). We note that motions to dismiss are disfavored and are rarely granted. Id. Dismissal should not be granted "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The City argues that the district court correctly dismissed Appellants' claims under Rule 12(b)(6) because Appellants failed to allege a "non-conclusory" ground for holding the City liable for their injuries. First, we disagree that Appellants' allegations are "conclusory"; their complaints meet Rule 8's requirement of a "short and plain statement of the claim" and the complaints gave the City fair notice of the Appellants' claims and the grounds upon which their claims rest. FED. R. CIV. P. 8(a); see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley, 355 U.S. at 47). Second, although the City is correct that a municipality cannot be held liable under § 1983 on a theory of respondeat superior, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), both the Supreme Court and this court

---

[1] Appellants' complaints contained a number of other allegations against the City. Appellants have not appealed the district court's decisions to dismiss these claims, however.

4

have recognized that a municipality is subject to § 1983 liability when the municipality's policies regarding employee training and/or supervision were obviously inadequate, and the resulting lack of training and/or supervision was likely to (and actually did) lead to a constitutional violation. E.g., City of Canton v. Harris, 489 U.S. 378 (1989); Brown v. Bryan County, 219 F.3d 450 (5th Cir. 2000).[2]

The City cites Barney v. Pulsipher, 143 F.3d 1299 (10th Cir. 1998), for the proposition that sexual assault of detainees is not an obvious consequence of a City's failure to train or to supervise its jailers. Barney, however, was decided on a motion for summary judgment, not a motion to dismiss, and the summary-judgment record in Barney showed that the jailer who committed the assaults had received instruction on "offenders' rights, staff/inmate relations, sexual harassment, and cross-gender search and supervision." Id. at 1308. We are unwilling to say, at this point, that it is not obvious that male jailers who receive no training and who are left virtually unsupervised might abuse female detainees. Thus, we hold that Appellants have

_____

[2] We agree with the City that Appellants' other theories of municipal liability are inadequate. The City cannot be liable for its single decision not to train or to supervise the jailer who perpetrated the sexual assault because Appellants did not allege that there was anything special about that jailer that should have put the City on notice of a particular need to train or to supervise him. Cf. Brown, 219 F.3d at 458-60. Furthermore, a theory of "ratification" is inapplicable on the facts of this case. Cf. City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (plurality opinion).

5

stated cognizable claims against the City under § 1983.[3]

We conclude, however, that the district court did not abuse its discretion by denying Appellants' motions for leave to file amended complaints. The district court has already permitted Appellants to file amended complaints, and most were permitted to file three amended complaints. Furthermore, Appellants did not seek leave to file their amended complaints in a timely manner. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also McLean v. Int'l Harvester Co., 817 F.2d 1214, 1224 (5th Cir. 1987).

Accordingly, we REVERSE the district court's orders dismissing Appellants' § 1983 claims against the City for failing to train or to supervise its jailers, AFFIRM the district court's orders denying Appellants' motions for leave to amend, and REMAND each of these cases for proceedings consistent with this opinion.

---

[3] We express no opinion regarding who the City's final policymakers are. The district court should decide this question in the first instance.